# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

MAURICE KINGWOOD,

               Plaintiff,

v.                                                                          Civil No. 9:97-CV-1906 (GLS)

JOHN R. ROURKE, Hearing Officer,

               Defendant.

**APPEARANCES:**                                                **OF COUNSEL:**

**FOR THE PLAINTIFF:**

MAURICE KINGWOOD
Plaintiff, *Pro Se*
91-A-1625
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

**FOR THE DEFENDANT:**

HON. ELIOT SPITZER                                              STEPHEN S. SCHWARTZ, ESQ.
Attorney General of the                                         Assistant Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

**Gary L. Sharpe**
**U.S. District Judge**

## **DECISION AND ORDER**

### I. **Introduction**

Pending is defendant Rourke's motion to dismiss. For the following reasons, the motion is granted and the entire case is dismissed.

### II. **Procedural History**[1]

On January 3, 2003, Rourke filed a late motion to dismiss as allowed by District Court Judge Norman A. Mordue. *Dkt No. 89.* Specifically, Rourke moved to amend his answer to assert the affirmative defense of *res judicata* and dismiss the case in its entirety. Kingwood opposed the motion. *Dkt. No. 94.* On February 4, 2004, the case was reassigned to this court. *Dkt. No. 96.*

### III. **Facts**

On April 28, 1996, Kingwood was served with a misbehavior report for possession of a weapon. On May 1 and 2, Rourke presided over Kingwood's Teir III hearing. During the hearing, off the record, Rourke told Kingwood that he was going to find him guilty. Rourke sentenced him to

---

[1] This case has been the subject of several prior report-recommendations issued by the undersigned as then-Magistrate Judge. *See Dkt. Nos.* 49 &75. Familiarity with the facts and procedural developments recited therein is presumed and only those relevant to the current motion are mentioned here.

2

the Special Housing Unit (SHU) and a loss of various privileges. He served 455 days of SHU time before the hearing disposition was reversed.

## IV. Discussion

The doctrine of res judicata, or claim preclusion, holds that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Monahan v. N. Y. City Dep't. of Corr., 214 F.3d 275, 284 -85 (2d Cir. 2000) (citation omitted). In order to prove that a claim is precluded, "a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001) (quoting Monahan, 214 F.3d at 284-85) (alterations in orginal).

Here, Attorney Schwartz[2] claims that Kingwood had a trial before New York Court of Claims Judge John Bell based on facts identical to those in this case. See Def.'s Ex. 2, p. 2, Dkt. No. 89. (Copy of Decision). In that case, Kingwood claimed, inter alia, that his due process rights were

---

[2]Attorney General Schwartz was added as counsel for Rourke on October 20, 2002.

3

denied by hearing officer Rourke, who had predetermined his guilt. *See id.* Judge Bell's decision, dated March 16, 2000, dismissed the case finding, *inter alia,* that Rourke[3] had not predetermined the matter prior to hearing the evidence. *Id.*

Kingwood argues that he is prejudiced by the late raising of this affirmative defense and the court should deny the motion. However, Kingwood does not dispute that the facts underlying both lawsuits are the same. While he maintains that this lawsuit is different because it is based on a violation of the Eighth Amendment, this argument is meritless. It is clear that both lawsuits involve the same set of facts, legal theory and seek the same remedy, monetary damages. The court notes, with some concern, that the Attorney General did not bring to its attention the prior state court proceeding between the parties until almost three years after its conclusion. However, Kingwood is not prejudiced by this belated motion since he was both well aware of, and actively involved in, that litigation. Accordingly, Kingwood's claims are barred by *res judicata* and his complaint is dismissed.

**WHEREFORE**, for the foregoing reasons, it is hereby

---

[3] He made this finding based on Rourke's testimony at trial. *See Def.'s Ex. 2.*

**ORDERED**, that defendant Rourke's motion to dismiss (*Dkt. No.89*) is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court is hereby directed to send a courtesy copy of this order to Elizabeth A. Genung, Esq.; Melvin, Melvin Law Firm; 217 South Salina Street; 7th Floor; Syracuse, New York 13202; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon the parties by regular mail.

Dated:   April 18, 2005
         Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge